IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-04138-MDH |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income. An Administrative Law Judge denied Plaintiff's claims and the Appeals Counsel subsequently denied Plaintiff's request for review of the ALJ's determination. Therefore, Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

## Standard of Review

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.

2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (internal citations omitted). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

**Analysis**

Plaintiff argues the ALJ erred in failing to properly weigh all medical opinions of record and provide an RFC supported by substantial evidence. Specifically, Plaintiff claims the ALJ did not discuss or weigh the mental RFC assessment from State agency consultant, Gretchen Brandhorst, Psy.D., or explain the reasons for not including limitations regarding attendance.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's mental and other limitations, in light of the medical records, work history and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

2

The ALJ found Plaintiff has severe impairments of major depressive disorder, borderline intellectual functioning and vision loss.  The ALJ's opinion discussed that in light of the medical treatment history, testimony, and reports that Plaintiff has not had any ongoing medical treatment for any of his alleged disabilities.  Plaintiff testified he had not been prescribed medication for over eight years and denied treatment for any of his conditions.  This is despite his complaints of depression and ADHD symptoms that he claims are so severe he is unable to work.  Further, with regard to physical impairments, the record also lacks evidence of medical treatment.  The ALJ concluded the "extremely limited medical treatment history generally undermines" Plaintiff's complaints of "ongoing mental and physical symptoms so limiting that he is unable to perform any work activity."

Further, with regard to Dr. Brandhorst her report includes a detailed section entitled "IV. Consultant's Notes" in which she notes, among other things, Plaintiff quit his fast food restaurant job "because he was moving;" he was removed from participation in a drug abuse program for non-attendance; and he appeared capable of handling his own funds despite reports of low-motivation.  Dr. Brandhorst states Plaintiff did not appear to have difficulties based on a disability, but rather may have difficulties based on a result of low motivation.  Dr. Brandhorst further noted Plaintiff made claims of difficulty with eye-hand coordination and inability to maintain or pay attention for more than 10 minutes.  However, Plaintiff also stated he plays videos games for an hour at a time.  The ALJ's RFC states Plaintiff "is limited to a low stress environment, where there are no strict production quotas and where he would not be subject to the demands of fast-paced production work…"  The Court finds the ALJ's RFC determination is consistent with the record before the Court.

A review of the record shows the ALJ considered the entire opinion of Dr. Brandhorst. Discrepancies in the citation to Dr. Brandhorst's records, if any, do not amount to error and the overall opinion of Dr. Brandhorst is reflected in the ALJ's decision – that the Plaintiff can perform simple routine tasks. The Court finds there is substantial evidence in the record, including Dr. Brandhorst's opinion, to affirm the ALJ's determination.

Second, the Court will not disturb the ALJ's credibility determination. In finding Plaintiff's allegations not completely credible, the ALJ considered such things as Plaintiff's reported limitations, the objective medical evidence and medical opinions, Plaintiff's daily activities, and Plaintiff's work history. The Court finds the ALJ recognized the appropriate analytic framework, considered the appropriate factors, and gave good reasons for discrediting the claimant's testimony. See generally *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered."). Accordingly, the Court will defer to the ALJ's judgment. See *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("Questions of credibility are for the ALJ in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

## Conclusion

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: August 29, 2016

 */s/ Douglas Harpool* _____
**DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE**